IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 10, 2024

**STATE OF TENNESSEE v. BOBBY DANIEL PETTIE**

**Appeal from the Circuit Court for Bedford County**
**No. 17678     Forest A. Durard, Jr., Judge**

_____

**No. M2024-00558-CCA-R3-CD**

_____

A Bedford County jury found the Defendant, Bobby Daniel Pettie, guilty of possession of a firearm with the intent to go armed during the commission of a dangerous felony, among other offenses. The court then imposed a six-year sentence for this conviction after implicitly finding that the Defendant had a qualifying prior felony conviction. Thereafter, the Defendant sought to have his sentence declared illegal pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that the jury did not find that he had a qualifying prior felony conviction. The trial court denied the motion, finding that the Defendant waived the jury's determination of the issue. The Defendant appealed to this court. Upon our review, we respectfully affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and KYLE A. HIXSON, JJ., joined.

Bobby D. Pettie, Pro Se, Hartsville, Tennessee.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; Courtney Lynch, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

In June 2013, a Bedford County grand jury charged the Defendant with the unlawful possession of a firearm with the intent to go armed during the commission of a dangerous felony, among other offenses. The grand jury also alleged that the Defendant had a qualifying prior felony conviction, which, if proven, would result in a mandatory minimum five-year sentence to be served in the Tennessee Department of Correction ("the Department"). *See* Tenn. Code Ann. § 39-17-1324(g)(2) (2010).[1]

At trial, the Defendant affirmatively waived the jury's determination of whether he had a qualifying prior felony conviction, choosing to submit that issue to the court instead. The jury found the Defendant guilty of the charged offense. The court imposed a sentence of six years, with the first five years to be served in the Department. This court upheld the conviction and sentence on direct appeal. *See State v. Pettie*, No. M2014-00113-CCA-R3-CD, 2015 WL 351229 (Tenn. Crim. App. Jan. 28, 2015), *perm. app. denied* (Tenn. May 14, 2015).

On July 15, 2019, the Defendant filed a motion to have his sentence for unlawful possession of a firearm declared illegal pursuant to Tennessee Rule of Criminal Procedure 36.1. In this motion, the Defendant represented that "there was an agreement made for the trial court to decide on a later date if Defendant had a qualifying prior dangerous felony conviction for sentencing purposes on the firearm charge." However, the Defendant argued that the sentencing court did not properly compare the elements of the Alabama crimes to Tennessee offenses to determine whether his out-of-state convictions were qualifying prior felonies. The trial court denied relief, finding that the Defendant's claim, even if true, did not render the sentence illegal. The Defendant did not seek an appeal from this order.

On February 6, 2024, the Defendant filed a second motion to have his sentence for unlawful possession of a firearm declared illegal pursuant to Tennessee Rule of Criminal Procedure 36.1. In his motion, the Defendant alleged that the sentencing court could not impose the mandatory minimum sentence because the question of whether he had a qualifying prior felony conviction was not submitted to the jury. He also argued that the

---

[1] As we discuss below, a violation of Tennessee Code Annotated section 39-17-1324(a) "is punishable by a mandatory minimum three-year service term unless, at the time of the offense, a defendant has a qualifying prior felony conviction, in which case the violation is punishable by a mandatory minimum five-year service term." *See State v. Moutry*, No. E2022-01076-CCA-R3-CD, 2023 WL 3736435, at *3 (Tenn. Crim. App. May 31, 2023), *no perm. app. filed*.

mandatory five-year sentence was illegal because his Alabama convictions did not qualify as prior felony convictions.

On March 7, 2024, the trial court summarily dismissed the motion without a hearing. The court held that the Defendant had raised this claim in his previous Rule 36.1 motion and that the issue could not be relitigated in a renewed motion.[2] The Defendant filed a timely notice of appeal.

## STANDARD OF APPELLATE REVIEW

With respect to every issue on appeal, our supreme court has recognized that a reviewing court must ask, "[W]hat is the appropriate standard of review?" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The sole issue in this case is whether the trial court correctly found that the Defendant failed to state a colorable claim for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. This question is one of law that we review de novo on appeal. *See State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015); *State v. Watson*, No. E2022-01321-CCA-R3-CD, 2023 WL 5925717, at *8 (Tenn. Crim. App. Sept. 12, 2023) ("Whether a sentence is illegal is a question of law that we review de novo."), *no perm. app. filed*.

## ANALYSIS

In this appeal, the Defendant argues that his mandatory minimum five-year sentence is illegal. He asserts that the sentence should have instead been three years because neither the jury nor the sentencing court was presented with the elements of his Alabama convictions to determine whether they were qualifying prior felonies. The State responds that the Defendant does not present a colorable claim for Rule 36.1 relief. It contends that the Defendant's claim strikes only at the methodology by which the sentencing court imposed the sentence and that the Defendant has not shown that his sentence is illegal and void. We agree with the State.

---

[2]  Recognizing that this March 7, 2024, order contained factual errors in its analysis, the trial court issued a corrected order sua sponte on June 11, 2024. In this corrected order, the court held that the Defendant waived his right to have the jury determine whether he had a qualifying prior felony conviction. It also held that the sentencing court made an implicit finding that the Defendant's Alabama convictions were qualifying prior felonies. It is to the court's credit that it recognized and attempted to correct the issue. However, it lost jurisdiction to issue a corrected order after the Defendant filed his notice of appeal. *See, e.g.*, *State v. Carlton*, No. M2018-01474-CCA-R3-CD, 2019 WL 3814726, at *8 (Tenn. Crim. App. Aug. 14, 2019), *no perm. app. filed*.

Tennessee Rule of Criminal Procedure 36.1 provides that a defendant "may seek to correct an illegal sentence by filing a motion . . . in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a)(1). An illegal sentence is "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2).

Our supreme court has observed that "few sentencing errors render sentences illegal." *Wooden*, 478 S.W.3d at 595. Sentencing errors may be classified as clerical, appealable, or fatal errors, but "only fatal errors render sentences illegal." *State v. Reid*, 620 S.W.3d 685, 689 (Tenn. 2021) (citation and internal quotation marks omitted). These fatal errors may include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Wooden*, 478 S.W.3d at 595. On the other hand, "attacks on the correctness of the methodology by which a trial court imposed sentence" amount to appealable errors only and do not render a sentence illegal. *Id.*

In this case, the Defendant first argues that his five-year sentence is illegal because his prior felony convictions were not presented to the trier of fact, or his trial jury, as required by section 39-17-1324(f). A defendant who has been convicted of possessing a firearm with the intent to go armed during the commission of a dangerous felony faces a three-year sentence. *See* Tenn. Code Ann. § 39-17-1324(g)(1). However, if the defendant has a qualifying prior felony conviction, he or she faces a mandatory minimum sentence of five years. *See id.* § 39-17-1324(g)(2).

The General Assembly has required that the "jury shall determine the innocence or guilt of the defendant [under section 39-17-1324(a)] unless the defendant and the state waive the jury." Tenn. Code Ann. § 39-17-1324(d). It has also required that the trier of fact first determine whether the defendant possessed the firearm in question. If so, "proof of a qualifying prior felony conviction pursuant to this section shall then be presented to the trier of fact." *Id.* § 39-17-1324(f).

The Defendant has not raised a colorable claim under Rule 36.1. On a number of occasions, this court has recognized that a "claim that the sentence was enhanced based upon factors not found by the jury is not a colorable claim for relief under Rule 36.1." *See, e.g.*, *State v. Bradfield*, No. W2017-01328-CCA-R3-CD, 2018 WL 2228193, at *2 (Tenn. Crim. App. May 15, 2018), *no perm. app. filed*; *cf. also State v. McDougle*, No. W2022-01103-CCA-R3-CD, 2023 WL 2968224, at *3 (Tenn. Crim. App. Apr. 17, 2023) ("Because a *Blakely* violation does not meet the Rule 36.1 definition of an illegal sentence and does not establish a void or otherwise illegal judgment, the petitioner has failed to state a

colorable claim for relief and is, therefore, not entitled to relief."), *perm. app. denied* (Tenn. June 28, 2023). At best, the Defendant raises only an appealable error with respect to his sentence, not a fatal error. *See State v. Johnson*, No. W2018-00950-CCA-R3-CD, 2018 WL 6528698, at *3 (Tenn. Crim. App. Dec. 11, 2018), *perm. app. denied* (Tenn. Feb. 22, 2019). As such, he is not entitled to relief under Rule 36.1.

Moreover, even if the Defendant had presented a colorable claim for relief under Rule 36.1—and he has not—his claim enjoys no factual support in the record. We have recognized the possibility that a defendant may waive the jury's consideration of whether he or she has a qualifying prior felony conviction. *See, e.g.*, *State v. Dobson*, No. M2015-00818-CCA-R3-CD, 2016 WL 7212574, at *15 (Tenn. Crim. App. Dec. 13, 2016), *perm. app. denied* (Tenn. Feb. 24, 2017); *State v. Trusty*, No. W2012-02445-CCA-R3-CD, 2013 WL 3488150, at *6 (Tenn. Crim. App. July 11, 2013), *no perm. app. filed*. It is clear that he did so in this case, choosing instead to submit that issue to the trial court to decide.

The transcripts from the Defendant's trial confirm that he waived his right to have the jury determine whether he had qualifying prior felony convictions.[3] Moreover, in his first Rule 36.1 motion, the Defendant represented to the trial court that "there was an agreement made for the trial court to decide on a later date if Defendant had a qualifying prior dangerous felony conviction for sentencing purposes on the firearm charge." As such, because the Defendant affirmatively waived the jury's consideration of whether he had qualifying prior felony convictions, the sentencing court's consideration of those prior convictions did not affect the legality of his mandatory minimum sentence. This argument is without merit.

Finally, the Defendant asserts that his sentence is illegal because the sentencing court did not properly compare the elements of the Alabama crimes to Tennessee offenses to determine whether the out-of-state convictions were qualifying prior felonies. However, the Defendant raised this precise claim in his first Rule 36.1 motion, and the trial court denied the claim, finding that any error in the offender classification was an appealable error only. The Defendant did not appeal that decision. As we have observed in a score of cases, "Rule 36.1 may not be used to relitigate those issues that have been previously determined." *State v. Brown*, No. M2015-01754-CCA-R3-CD, 2016 WL 987641, at *2

---

[3] The Defendant did not include these transcripts for reference in the present appeal. However, we have taken judicial notice of the trial records involved in the Defendant's direct appeal. *See, e.g.*, *Anderson v. State*, 692 S.W.3d 94, 102 (Tenn. Crim. App. 2023) ("[W]e would note that this [c]ourt can take judicial notice of the [c]ourt records in an earlier proceeding of the same case and the actions of the courts thereon.").

(Tenn. Crim. App. Mar. 15, 2016), *perm. app. denied* (Tenn. Aug. 18, 2016). Respectfully, this argument is also without merit.

## CONCLUSION

In summary, we hold that the Defendant's sentence for possessing a firearm during the commission of a dangerous felony is not illegal. Accordingly, we respectfully affirm the judgment of the trial court denying the Defendant's motion for relief under Tennessee Rule of Criminal Procedure 36.1.

s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE